438 F.2d 933
 Loree Talley FARE, Who sues in her capacity as
administratrix of the Estate of her deceased
husband, Elbert Price Fare, Plaintiff-Appellee,
v.
SOUTHERN RAILWAY COMPANY, Defendant-Appellant.
No. 30526 Summary Calendar.*
* Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part. I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 16, 1971.
 
 C. S. McGivaren, Jr., Leigh M. Clark, Birmingham, Ala., for defendant-appellant; Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., of counsel.
 Al G. Rives, Timothy M. Conway, Jr., Birmingham, Ala., for plaintiff-appellee; Rives, Peterson, Pettus, Conway & Burge, Birmingham, Ala., of counsel.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Southern Railway Company appeals from an order of the district court denying its alternative motions for judgment notwithstanding the jury verdict or for a new trial.
 
 
 2
 The principal question presented for review is whether there was sufficient evidence to support the jury's findings that the Southern Railway train in question was equipped with defective brakes and that this violation of the Federal Safety Appliance Act, 45 U.S.C. 1 et seq., in whole or in part caused the death of the plaintiff's decedent. Southern Railway also attacks as excessive the jury's award of damages in the amount of $90,000.
 
 
 3
 This Court has recently discussed the standard to be applied by federal courts in FELA (45 U.S.C. 51 et seq.) cases to determine whether there was sufficient evidence to submit the case to the jury. In Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365, the Court concluded that the plaintiff's burden of proof in an FELA case is 'much less than the burden required to sustain recovery in ordinary negligence actions.' Id. at 371. As the Supreme Court has phrased the test, 'Only when there is a complete absence of probative facts to support the conclusion reached (by the jury) does a reversible error appear.' Lavender v. Kurn, 1946, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916, 923. See also Rogers v. Missouri Pacific Railroad Co., 1957, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493.[1] With these principles in mind we have carefully examined the briefs and the record and conclude that there was in this case sufficient evidence to support the jury's verdict.
 
 
 4
 We find no reversible error in the jury's award of damages.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Under this statute (FELA) the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. * * * Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities
 * * * the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference.
 352 U.S. at 506-507, 508, 77 S.Ct. 443 at 449, 1 L.Ed.2d at 499-500.